## 11130

### PARKS v. FARMERS BANK

#### (115 S. E., 810)

CLAIM AND DELIVERY—WHETHER TAKING COW WITHOUT PROTEST AMOUNTED TO CONSENT HELD FOR JURY.—Where owner made no objection to the taking of her cow by one claiming under a mortgage, whether that amounted to consent *held* for jury.

Before SEASE, J., McCormick, February, 1922. Affirmed.

Action in claim and delivery by Louise Parks against The Farmers Bank of McCormick. Judgment for plaintiff and defendant appeals.

*Mr. F. A. Wise,* for appellant, cites: *Must be demand for possession before claim and delivery will lie:* 27 S. C., 240; 45 S. C., 388; 95 S. C., 33. *Waiver of claim of*

*title will estop party setting it up thereafter:* 3 Strob. L.,
367; 6 S. C., 29; 25 S. C., 555; 56 S. C., 476; 57 S. C.,
507.

*Mr. Joseph Murray,* for respondent, cites: *No demand
necessary where possession is unlawful:* 1 McC., 430; 48
S. C., 421; 89 S. C., 535; 28 Enc. L.; 687.

February 7, 1923.

The opinion of the Court was delivered by MR. JUSTICE
FRASER.

This is an action in claim and delivery. There was evidence that the plaintiff, Louise Parks, owned a cow and
calf, which she bought with the proceeds of the sale of
another cow she had obtained from her mother. There
was evidence that the plaintiff had once allowed her husband to mortgage the cow to Mr. J. B. Corley, but that
she had never consented to any other mortgage of the cow.
Rufus Parks, her husband, gave a mortgage of a mule and
some other things to the defendant bank. There is evidence, and it is undisputed, that the bank's mortgage did
not include the cow in question. The mortgage that Rufus
gave was a joint mortgage, with several others, but Louise
did not sign the joint mortgage. The bank sent out some
agents to appraise the property covered by the joint mortgage, and that appraisement included the cow, but there was
no evidence that either Louise or Rufus knew it. The
bank sent out Mr. L. N. Brown to seize the mortgaged property, and he seized and carried off the cow. Rufus was
not at home, and Louise did not object. Rufus met Brown
as he was carrying off the cow, and raised no objection.
There is testimony to show that after a conference between
Rufus and Louise, Louise sent to get her cow. There is
evidence to show that Rufus looked up the records, and then
went to Brown the next day and demanded the return of
the cow. The defendant's witness Brown testifies:

"He told me it was his; I told him he had the best stuff down here. He searched the record, and then told me, 'You have no mortgage of no spotted cow,' I told him to take out claim and delivery."

The bank sold the cow, and this suit was brought, and resulted in a judgment for the plaintiff, from which the defendant bank appealed.

I. The defendant made motion for a nonsuit, which was refused. This exception cannot be sustained. The bank's agent had notice that he was proceeding without authority of law, that the cow was not in its mortgage, and it was immaterial who owned the cow, so far as this question is concerned. It took the plaintiff's property without her protest, it is true, but whether that amounted to consent was a matter for the jury. The absence of the owner from the sale might have availed the purchaser at the sale, but not the unauthorized seller. This exception cannot be sustained.

II. The second and third exceptions do not comply with Rule 5, Section 6 (90 S. E., vii), and the reasons need not be stated. They have been considered, but the reasons need not be stated, but simply overruled.

The judgment is affirmed.